NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0337n.06

No. 18-5832

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| RON HOSSE, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| SUMNER COUNTY BOARD OF | ) | THE MIDDLE DISTRICT OF |
| EDUCATION, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |

**FILED**
Jul 03, 2019
DEBORAH S. HUNT, Clerk

**Before: GUY, THAPAR, and NALBANDIAN, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Ron Hosse alleged that he was transferred from his long-held position as High School Instructional Coordinator to a classroom teaching position because of his age in violation of the Age Discrimination in Employment Act. After a jury found in favor of the Sumner County Board of Education, Hosse moved for a new trial predicated entirely on the district court's exclusion of testimony from Dr. Frank Cardwell regarding his own allegedly age-based transfer. Finding that the district court did not abuse its discretion in excluding the proposed "me too" evidence or denying the motion for a new trial, we affirm.

**I.**

Ron Hosse was employed in several administrative positions with Sumner County Board of Education from August 1986 until he retired, at age 64, in June 2012. Hosse worked as a vocational education coordinator and supervisor of vocational education until 2004. He then

served as the High School Instructional Coordinator reporting to the Assistant Director of Schools until his retirement in 2012. Hosse claimed he was discriminated against after Dr. Del Phillips, III became the Director of Schools in 2011 and hired Dr. Jennifer Brown as Assistant Director of Schools to replace Hosse's retiring supervisor in June 2011.

Dr. Brown directly supervised Hosse during the 2011-2012 school year, and, by all accounts, it was Brown who recommended that Hosse be transferred out of her department for the next school year. Phillips accepted Brown's recommendation, and Hosse was notified in May 2012 that he was being reassigned to an open position teaching 7th-grade science with an associated loss in pay. Hosse was qualified and endorsed to teach middle school science, although he never had. When he inquired about his options with human resources, he claimed to have been discouraged from applying for any open principal or assistant principal positions because Brown was on the selection committee. Hosse felt he had no choice but to take early retirement, which he did.

Hosse believed his transfer was age-based because he was the oldest of the instructional coordinators at the time, and three other instructional coordinators retired after he did. Defendant countered with evidence that Hosse was transferred because his performance was deficient in several important respects and his attitude toward Brown had been disrespectful and insubordinate. Defendant also disputed Hosse's contention that he was replaced by a 40-year-old, offering evidence that his position was filled by the transfer of 59-year-old Glee Moore. The jury heard from a dozen witnesses over three days, but this appeal concerns only the exclusion of proposed "me too" testimony from Dr. Frank Cardwell. That testimony was at issue before, during, and after trial.

A pretrial motion to exclude evidence of Cardwell's "me too" evidence was granted without opposition from plaintiff. (Page ID # 1188, 1081-82.) During trial, the district court first ruled sua sponte that defense counsel's questioning of Hosse had "opened the door" to the "me too" evidence, but the judge was persuaded otherwise when asked to reconsider. (RE 174, 178.) The order granting reconsideration explained that the judge was convinced the questions had not "opened the door" because they were aimed at establishing that Hosse had not alleged a pattern and practice claim—which he had not. Review of the record supports that finding, and Hosse has not demonstrated that it was clearly erroneous.

Before excluding the evidence, the district court also considered and rejected Hosse's contention that the evidence was admissible under Federal Rules of Evidence 401 and 403. Most notably, the judge found that "unlike Plaintiff, Mr. Cardwell was a high school principal, he did not work in the instructional department, he did not report to Dr. Jennifer Brown, and Dr. Brown was not involved in the decision to transfer Mr. Cardwell." In addition, "the decision to transfer Mr. Cardwell took place two years after Plaintiff learned of his transfer." Cardwell testified favorably about working with Hosse, but Cardwell was not permitted to testify about his own claim that he was transferred because of his age.

After the jury found against him, Hosse moved for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A). In support, Cardwell provided an affidavit that described his employment history in another school district—including teaching, coaching, and serving as principal—and stated that he was employed by Sumner County Schools as Principal of Beech High School from 1999 until he retired in 2014. Cardwell stated that he was told by Dr. Phillips that he would be transferred to teach P.E. at a different high school. Cardwell, who was 74 years of age

at the time, alleged that he was transferred because of his age "in a successful attempt to force [him] to retire rather than be moved to a teaching position."

Defendant's response to the motion relied, in part, on a declaration from Phillips. In it, Phillips stated that he had directly supervised Cardwell for three school years and had found his performance generally unsatisfactory, but several problems during the 2013-2014 school year prompted the transfer decision. Phillips confirmed that he personally assessed Cardwell's performance but not Hosse's; indicated that Brown was not involved in Cardwell's transfer; contrasted Cardwell's duties as principal of a high school from those of Hosse's as an instructional coordinator in the central office; and emphasized that there was a two-year gap between the decisions to transfer Cardwell and Hosse.

With the benefit of the further proffers, the district court revisited the admissibility of the proposed "me too" evidence, and again found it was not relevant; that any probative value was substantially outweighed by the danger of unfair prejudice; and, finally, that plaintiff had not showed that exclusion of the evidence "affected his substantial rights or that justice otherwise requires a new trial." (RE 194.) This appeal followed.

**II.**

Both the district court's evidentiary rulings and the denial of the motion for a new trial under Rule 59(a)(1)(A) are reviewed for abuse of discretion. *See CFE Racing Prods., Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 584 (6th Cir. 2015); *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 405 (6th Cir. 2006). A district court abuses its discretion when it "relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Mike's Train House*, 472 F.3d at 405. "An erroneous evidentiary ruling amounts to reversible error, justifying

a new trial, only if it was not harmless; that is, only if it affected the outcome of the trial." *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 510 (6th Cir. 2013).

"The question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). A district court abuses its discretion if it applies a *per se* rule excluding such evidence, as it is "neither *per se* admissible nor *per se* inadmissible." *Id*. at 381; *see also id.* at 387. The factors to consider regarding the "other acts" or "me too" evidence include not only whether the same actors were involved in each decision, but also factors "such as temporal and geographical proximity, whether the various decisionmakers knew of the other decisions, whether the employees were similarly situated in relevant respects, or the nature of each employee's allegations of [discrimination]." *Griffin v. Finkbeiner*, 689 F.3d 584 (6th Cir. 2012). Here, the district court considered these factors, and, unlike in *Griffin*, it is clear that reliance was not placed on a single factor.

Hosse contends that Cardwell's testimony was relevant because they were both decades-long administrative employees who were transferred to teaching positions to force them into retirement. The district court recognized the similarity in theory generally, but found that closer examination of the circumstances revealed significant differences that meant the evidence was not relevant. It was not clearly erroneous to find that there were significant differences between Cardwell's proposed testimony and Hosse's situation: they had different supervisors, Brown was not involved in Cardwell's transfer, and although both were transferred to Portland, Tennessee, there was a significant two-year gap between the transfer decisions. Further, the circumstances also differed because there were notable differences in the administrative jobs that each held. In

particular, "Plaintiff worked in the Instructional Department located in Defendant's Central Office in Gallatin, Tennessee, while Cardwell was a high school principal at Beech High School in Hendersonville, Tennessee." And, as described by Phillips, their job duties were not similar. The district court concluded, in short, that "[b]ecause the jobs Plaintiff and Cardwell held were materially different, combined with their different supervisors and the two-year gap between their transfers, Cardwell's proposed testimony is not relevant to determining whether Plaintiff was transferred because of his age." Hosse disagrees, but he has not shown that the district court abused its discretion in any way. *See Sprint/United Mgmt.*, 552 U.S. at 387 ("With respect to evidentiary questions in general and Rule 403 in particular, a district court virtually always is in the better position to assess the admissibility of the evidence in the context of the particular case before it."). The district court did not abuse its discretion in excluding the evidence or denying the motion for a new trial.

      **AFFIRMED.**